THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE S.E.I.U. LOCAL NO. 4 PENSION FUND, ) ) ) *Plaintiffs*, ) ) v. ) ) COURTYARD HEALTHCARE CENTER, LLC, an Illinois Limited Liability Company, and COURTYARD REALTY AT BERWYN, an Illinois Limited Liability Company, ) ) ) ) ) ) ) ) *Defendants*. ) | No. 20 C 2749 Judge Virginia M. Kendall |

## MEMORANDUM OPINION & ORDER

Courtyard Healthcare Center, LLC ("Courtyard Healthcare") and Courtyard Realty at Berwyn ("Courtyard Realty") are Illinois limited liability companies registered at 2824 West Coyle, Chicago IL 60645. (Dkt. 65 ¶¶ 4, 6). Barak Bayer and David Cheplowitz manage both entities. (*Id.* ¶¶ 5, 7). During the relevant period, Courtyard Realty was also the owner and lessor of the physical property where Courtyard Healthcare, a nursing home, conducted business. (*Id.* ¶ 8).

Pursuant to a collective-bargaining agreement ("CBA"), Courtyard Healthcare had to make contributions to the S.E.I.U. Local No. 4 Pension Fund (the "pension fund"), a multiemployer pension fund. (*Id.* ¶ 12). In 2019, the pension fund determined that Courtyard Healthcare did not make the necessary contributions. (Dkt. 34 ¶ 14). On August 13, 2019, it sent a "Notice and Demand" to Courtyard Healthcare for the payment of "withdrawal liability" calculated at $191,947. (Dkt. 57-1; Dkt. 65 ¶ 20). The letter outlined a payment schedule and requested the first

1

payment within sixty days of the demand. (Dkt. 65 ¶ 18). Courtyard Healthcare neither disputed the calculation of withdrawal liability nor asked for a review of the figure. (*Id.* ¶ 23). On December 9, 2019, after receiving nothing, the pension fund informed Courtyard Healthcare that it was delinquent in its payments and asked that it cure the delinquency within sixty days. (Dkt. 57-2; Dkt. 65 ¶ 25). Courtyard Healthcare again refused to make payments. (Dkt. 65 ¶ 25).

The trustees of pension fund sued Courtyard Healthcare and Courtyard Realty, seeking to collect the "withdrawal liability" amount. (Dkt. 34); 28 U.S.C. § 1331. They now move for summary judgment. (Dkt. 57). Summary judgment is appropriate if, construing all facts and drawing all reasonable inferences in favor of the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Lewis v. Indiana Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022). "A genuine issue of material fact exists only if 'there is sufficient evidence'" for a jury to return a verdict for the nonmoving party. *Birch|Rea Partners, Inc. v. Regent Bank*, 27 F.4th 1245, 1249 (7th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The Multiemployer Pension Plan Amendments Act ("MPPAA") "ensure[s] that withdrawing employers would not leave a plan with vested pension obligations that were only partially funded." *Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc.*, 253 F.3d 1011, 1014 (7th Cir. 2001). Under the MPPAA, an employer who completely withdraws from a multiemployer pension plan must pay withdrawal liability. 29 U.S.C. § 1383. A "complete withdrawal … occurs when an employer" either "permanently ceases to have an obligation to contribute under the plan" or "permanently ceases all covered operations under the plan." *Id.* 1383(a); *see also* 29 U.S.C. § 1381(b)(2) ("The term 'complete withdrawal' means a complete withdrawal described in section 1383 of this title."). To collect withdrawal liability, the pension

2

plan must make an initial determination of "whether a withdrawal has occurred" and what liability an employer owes. *Cent. States, Se. & Sw. Areas Pension Fund v. Cullum Cos.*, 973 F.2d 1333, 1335 (7th Cir. 1992). The pension plan then notices and demands payment from the employer. 29 U.S.C. §§ 1382, 1399(b)(1). If the employer does not contest the amount owed, the demand becomes "due and owing on the schedule set forth by the plan sponsor." 29 U.S.C. § 1401(b).

There is little doubt that Courtyard Healthcare must pay withdrawal liability. In 2019, the pension fund made the initial determination that Courtyard Healthcare no longer contributed to the pension fund. (Dkt. 34 ¶ 14). On August 13, 2019, the pension fund sent the necessary "Notice and Demand" for the payment of complete "withdrawal liability," a sum of $191,947. (Dkt. 57-1; Dkt. 65 ¶ 20). Courtyard Healthcare did not contest the calculation. (Dkt. 65 ¶ 23). The demand then became "due and owing." 29 U.S.C. § 1401(b). Courtyard Healthcare's only answer is that the pension fund did not properly submit evidence under Local Rule 56.1, which governs how motions for summary judgment should be formatted. (*See generally* Dkt. 64). Assuming with skepticism that the pension fund did not comply with Local Rule 56.1, a district court has wide discretion in enforcing the rule's compliance. *See, e.g.*, *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). This Court exercises that discretion here by accepting the two affidavits appended to the motion for summary judgment, as nothing indicates they are unreliable. Therefore, the trustees of the pension plan are well within their rights to collect the unfunded liability from Courtyard Healthcare.

Courtyard Realty presents a better, albeit unconvincing, argument. It maintains that Courtyard Realty is a separate entity from Courtyard Healthcare and—given that only Courtyard Healthcare signed the CBA and that the pension fund corresponded solely with Courtyard Healthcare—it cannot be liable for a different company's debts. But all "'trades or businesses'

under '*common control*' with the withdrawing employer are treated as a single entity for purposes of assessing and collecting withdrawal liability." *Cent. States, Se. & Sw. Areas Pension Fund v. Pessina Products, LLC*, 706 F.3d 874, 878 (7th Cir. 2013) (quoting 29 U.S.C. § 1301(b)(1)) (emphasis added). The evidence shows that Courtyard Healthcare and Courtyard Realty shared "common control" and, as such, common liability. The two companies were managed by the same people, Barak Baver and David Cheplowitz, and operated out of the same location, 2824 West Coyle. (Dkt. 65 ¶¶ 4–7). Courtyard Realty even leased property to Courtyard Healthcare. (*Id.* 8).

For these reasons, the Plaintiffs' Motion for Summary Judgment is granted. (Dkt 57). The Defendants, Courtyard Healthcare and Courtyard Realty, must pay the full amount of withdrawal liability ($191,947) plus interest at the prevailing rates, 29 U.S.C. § 1399(c)(6), and all "costs and expenses" incurred in connection with this action, including reasonable attorney's fees, 29 U.S.C. § 1451(e).

                                                                                    _____
                                                                                    Virginia M. Kendall
                                                                                    United States District Judge

Date: March 28, 2023